ALBINA A. YANKUN *vs.* CITY OF BOSTON.

Suffolk.    October 5, 1964. — November 2, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*School and School Committee.*

A public school teacher who voluntarily absented herself from work for some months while she was afflicted with communicable tuberculosis and then returned to work when her private physician certified that she was free of the disease, but who did not file the triennial report with X-rays required by G. L. c. 71, § 55B, as amended through St. 1954, c. 658, and did not bring to the knowledge of the school committee the nature of the illness causing her absence from work, was not entitled under § 55B to recover from the municipality, for the period of her absence, the excess of her full salary over an amount paid her as one absent on sick leave.

BILL IN EQUITY filed in the Superior Court on September 3, 1963.

The suit was heard by *Kalus*, J.

*Mark J. Dalton* for the plaintiff.

*William H. Kerr* for the defendant.

REARDON, J. This is a bill in equity under G. L. c. 231A against the city of Boston (city). It is a substitute bill for declaratory relief to which the city filed an answer admitting all the facts alleged.

Since April 1, 1949, the plaintiff has been employed by the city as an elementary school teacher. In 1951 and in 1954, pursuant to the requirements of G. L. c. 71, § 55B, the plaintiff filed with the city's superintendent of schools a report "relative to . . . [her] freedom from tuberculosis in a communicable form." In 1957 the plaintiff filed no report. She did have chest X-rays taken under the auspices of the city's health commissioner on May 24, 1957, and June 18, 1957. A diagnosis of pulmonary tuberculosis, minimal, questionably active, was made, and she was given an appointment for a test to be held on June 25, 1957, to determine activity. She did not keep this appointment, for she had placed herself under the care of a private physician whom she visited on June 21, 1957, and who advised her on June 24, 1957, "to have no further contact with children because of the presence of active pulmonary tuberculosis in a communicable form." From June 24, 1957, until April 28, 1958, the plaintiff remained at home under treatment of the private physician. A nurse from the city's health department visited the plaintiff's home on July 11, 1957, at which time she was discharged to the care of the private physician. On three separate occasions during the plaintiff's convalescence the private physician notified her school principal by letter that she was unable to work because of illness, the nature of which he did not disclose. The plaintiff orally informed the principal that she had communicable tuberculosis. The principal transmitted the physician's letters to the superintendent of schools but did not communicate to him the nature of the plaintiff's illness. On April 28, 1958, the private physician certified that the plaintiff was free from communicable tuberculosis and on May 1, 1958, she returned to her work as a teacher in the city's public schools. During her absence from work the plaintiff had received sick leave and was paid accordingly, 1/400

of her annual salary being deducted for each day of her absence.   Upon learning that G. L. c. 71, § 55B, as amended, provides for sick leave with pay for a period up to two years for any school teacher who is absent on account of tuberculosis in a communicable form, the plaintiff wrote the superintendent of schools on May 25, 1961, to assert her claim for back wages.   By an order passed on December 7, 1962, the city's school committee provided for payment of the plaintiff's claim.   Upon the refusal of the city to pay the claim the plaintiff brought her bill and now appeals from the final decree which in effect disallowed her claim.

The trial judge ruled that the provision in G. L. c. 71, § 55B, which purports to require that the plaintiff "be carried on sick leave with pay for the entire period of (her) exclusion or removal, but in no case for more than two years" (on account of her having tuberculosis in a communicable form), is invalid.   Argument has been advanced for and against the constitutionality of the cited provision. However, it is our opinion that the plaintiff has not complied with the conditions of the statute.[1]   Thus, in accordance with our practice, we shall not pass on the question of the constitutionality of the statute.   *Attorney Gen.* v. *Dover,* 327 Mass. 601, 608.

General Laws c. 71, § 55B, in its initial sentence interdicts the employment of any person known to be suffering from tuberculosis in "any school in the commonwealth . . . in any capacity which might bring him into direct contact with any student at such school."   As it read in 1957 the statute further required every school teacher immediately prior to such employment and "at least every three years during the course of his employment thereafter," to "file with the superintendent or other person having charge of such school, on forms furnished by the department of public health and approved by the department of education, a report, made by a registered physician, relative to his free-

[1] This statute, originally adopted in 1950, and amended in 1952, 1954, and 1958, has not varied with respect to the formal requirements which the plaintiff was obliged to meet, save a provision added by the 1958 amendment which permits the filing by a teacher of the results of an intradermal tuberculin test in lieu of an X-ray.

dom from tuberculosis in a communicable form . . . . Such report shall be accompanied by an X-ray of such person's chest taken not more than ninety days prior thereto, and upon [*sic*] such laboratory tests and clinical examination as may be essential to a diagnosis of tuberculosis in a communicable form." In case of question the statute provides for further X-rays and evaluation of them and goes on to provide: "Cases in which the question of communicability of tuberculosis arises may on appeal be referred to a board of three competent physicians, appointed by the commissioner of public health, and their decision shall be final. Such reports and X-rays shall be required at least every three years from all school employees . . . [with certain exceptions immaterial here]."

The duty of filing the report and X-ray in compliance with the statute, which rested on the plaintiff, was not discharged in 1957. It is argued by her that the form approved under the statute was not suitable for those afflicted with tuberculosis in that by its language it was appropriate only for negative reports. We have examined it as an exhibit and find it to consist of two parts, one being labeled "certification of employment for school personnel" and detachable from the other which carries the legend, "This part of card is for the doctor's record only." While the "certification" reads, "This will certify that the person named on the face of this card is free from tuberculosis in communicable form as provided in Chapter 71, Sec. 55B Massachusetts General Laws . . ." and is therefore couched in terms indicating that the person certified is free from tuberculosis, it would be a simple matter for a certifying physician to alter the printed legend to indicate the reverse. The balance of the card, the doctor's record, contains boxes for classification of chest X-ray findings including active, inactive, and suspected tuberculosis as well as negative. The Legislature cannot have intended the statutory requirements on filing the certificate to relate only to negative findings by X-ray or otherwise. *Allen* v. *Cambridge,* 316 Mass. 351, 355. *Repucci* v. *Exchange Realty Co.* 321 Mass. 571, 575.

Furthermore, not only did the plaintiff transmit no report as required in 1957, but no X-rays were transmitted. As has been argued by the city, such a transmission was essential to enable the "board of three competent physicians" to proceed to an evaluation of the case in the event of an appeal either by her or by the city. On the agreed facts, the school committee had no knowledge of the nature of the plaintiff's indisposition and hence neither appealed to the medical board nor took action to exclude or remove her, again as required by the statute. The plaintiff ceased her work on her own volition and returned to it without that form of certification which the statute required for teachers "excluded or removed" in accordance with its other provisions. The city had no notice other than that the plaintiff was absent on sick leave and it compensated her accordingly.

*Decree affirmed.*